**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

GLENN S. RHODES Pro Se Executor of Oscar      )
Barbara Elliott's Estate,      )
SHARON YOUNG Co-Executor of Oscar &      )
Barbara Elliott's Estate,      )
     )
     Plaintiffs,      )
     )
     v.      )     No. 4:24-cv-00055-TWP-KMB
     )
JEFFERSON BUILDING COMMISSION      )
Building Commissioner,      )
JEFFERSON ENGINEERS OFFICE City      )
Engineer,      )
MUNICIPALITY AND PUBLIC UTILITIES OF      )
JEFFERSONVILLE INDIANA,      )
JEFFERSONVILLE PLANING AND ZONING      )
Planning and Zoning Director,      )
     )
     Defendants.      )

**ORDER**

On April 12, 2024, Glenn S. Rhodes and Sharon Young (together, "Plaintiffs"), as co-executors of the estates of Oscar Elliott and Barbara Elliott (together, the "Elliotts") (the estates of the Elliotts, the "Estates") initiated this action as pro se Plaintiff's, alleging violations of 42 U.S.C. § 1983 ("Section 1983") against Defendants the Jeffersonville Building Commissioner, the Jeffersonville City Engineer, the Jeffersonville Planning and Zoning Director,[1] and the Municipality and Public Utilities of Jeffersonville Indiana. Plaintiffs allege Defendants violated the Estates' Fifth, Seventh, Ninth, and Fourteenth Amendment rights, as well as several Indiana statutes, in the process of appropriating real estate owned by the Elliotts before their deaths (the "Property").

---

[1] It appears that some defendants were mistakenly misnamed in the Court's original electronic caption for this action.

## I.    DISCUSSION

Before reaching the merits of Plaintiffs' claims, the Court must address whether Plaintiffs may proceed *pro se*. Individuals have a right to proceed *pro se*. 28 U.S.C. § 1654. However, personal representatives "do not act on behalf of themselves, but on behalf of all the beneficiaries of an estate. Consequently, if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court." *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007). (citing *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001)).

This action relates to the City of Jefferson's use of eminent domain authority to appropriate the Property. Plaintiff alleges Defendants violated the Estates' constitutional rights by failing to pay the Estates just compensation for the property and by unlawfully entering and working on the property (Dkt. 1 at 3-5).

The Court takes judicial notice of three earlier-filed state court actions that are relevant to Plaintiffs' claims. First, on December 13, 2021, an estate administration action was opened for the Estate of Barbara Elliott in the Wells Circuit Court under Cause No. 90C01-2112-EU-000062. According to the will filed in that action, Barbara Elliott died testate on November 21, 2021, and left all of her property (except for five hundred dollars) to her only child, Michael Elliott.[2] Michael Elliott was appointed as the personal representative of Barbara Elliott's Estate.[3]

Second, on July 13, 2023, the City of Jeffersonville initiated a condemnation action in the Clark Superior County 6 under Cause No. 10D06-2307-PL-000086 (the "Condemnation Action"), seeking to appropriate the Property. The Condemnation Action is the subject of Plaintiffs' present

---

[2] Last Will and Testament of Barbara J. Elliott, *In re the Estate of Barbara J Elliott*, No. 90C01-2112-EU-000062 (Wells Cir. Ct. filed Dec. 13, 2021).

[3] Order Probating Will and Directing Issuance of Letters and Approval of Bond, *In re the Estate of Barbara J Elliott*, No. 90C01-2112-EU-000062 (Wells Cir. Ct. entered Jan. 4, 2022).

federal action. The Complaint in the Condemnation Action indicates that the Elliotts received the Property "as husband and wife" by virtue of Warranty Deed in 1969 and by Quitclaim Deed in 2009.[4] Neither Michael Elliott nor the Estate of Barbara Elliott appears to be involved in the Condemnation Action, presumably because Barbara Elliott's interest in the Property passed to Oscar Elliott upon her earlier death.

Third, on July 26, 2023, an estate administration action was opened for the Estate of Oscar Elliott in Clark Circuit Court 1 under Cause No. 10C01-2307-ES-000037. According to the Petition for Appointment of Personal Representative and for Supervised Administration filed in that action, Oscar Elliott died intestate on October 8, 2022. At the time of his death, Oscar Elliott had ten children, two of whom are Plaintiffs.[5] Plaintiffs were appointed co-personal representatives of Oscar Elliott's Estate.[6]

With respect to Barbara Elliott, Plaintiffs are neither the sole beneficiaries nor the personal representatives of her Estate. Michael Elliott is the personal representative, and he is also a beneficiary. Moreover, assuming that Barbara Elliott's interest in the Property passed to Oscar Elliott upon her death, her Estate would have no present interest in the Property and thus no interest in this action. Regardless, Plaintiffs may not represent the Estate of Barbara Elliott *pro se*.

Likewise, Plaintiffs may not represent the Estate of Oscar Elliott *pro se*. Oscar Elliott died intestate, and under the Indiana rules of intestate succession, if there is no surviving spouse, an estate must be distributed to the decedent's surviving children in equal parts. Ind. Code § 29-1-2-1(d). Plaintiffs, as nonlawyers, may not represent the interests of Oscar Elliott's eight other

---

[4] Complaint for Appropriation of Real Estate, City of Jeffersonville v. Auditor and Treasurer of Clark County, Indiana, Glenn Rhodes, and Sharon Young, No. 10D06-2307-PL-000086 (Clark Sup. Ct. filed July 13, 2023).

[5] Petition for Appointment of a Personal Representative and for Supervised Administration, *In re: the Estate of Oscar Lee Elliott, Sr.*, No. 10C01-2307-ES-000037 (Clark Cir. Ct. filed July 26, 2023).

[6] Order Appointing Co-Personal Representatives and Ordering Supervised Administration, *In re: the Estate of Oscar Lee Elliott, Sr.*, No. 10C01-2307-ES-000037 (Clark Cir. Ct. entered Aug. 1, 2023).

surviving children. *See Malone*, 474 F.3d at 937; *Mosley v. Bd. of Educ. of Chicago*, 434 F.3d 527, 532 (7th Cir. 2006); *Navin*, 270 F.3d at 1149. Plaintiffs may not proceed *pro se* on any claim in which the Elliotts' Estates are the real parties in interest, including the Section 1983 claim in the Plaintiffs' Complaint.

## II.    CONCLUSION

For the foregoing reasons, the Plaintiffs may not proceed *pro se* on their claims. The Court grants Plaintiffs **sixty (60) days** from the date of this Order to obtain counsel to represent the interests of the Estates. If Plaintiffs fail to secure counsel in that time, this action will be dismissed.

Further, the **Clerk is directed** to correct the names of the following defendants: Jefferson Building Commission Building Commissioners should be "Jeffersonville Building Commissioner"; Jefferson Engineers Office City Engineer should be "Jeffersonville City Engineer"; and Jeffersonville Planing and Zoning Planning and Zoning Director should be "Jeffersonville Planning and Zoning Director."

**SO ORDERED**.

Date: 4/24/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

GLENN S. RHODES
4320 Charlestown Pike Rd.
Jeffersonville, IN 47130

SHARON YOUNG
4320 Charlestown Pike Rd.
Jeffersonville, IN 47130