# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| GLENN S. RHODES Pro Se Executor of Oscar & Barbara Elliott's Estate,<br>SHARON YOUNG Co-Executor of Oscar & Barbara Elliott's Estate,<br><br>      Plaintiffs,<br><br>   v.<br><br>JEFFERSONVILLE BUILDING COMMISSIONER,<br>JEFFERSONVILLE CITY ENGINEER,<br>MUNICIPALITY AND PUBLIC UTILITIES OF JEFFERSONVILLE INDIANA,<br>JEFFERSONVILLE PLANNING AND ZONING DIRECTOR,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 4:24-cv-00055-TWP-KMB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on a Motion to Reconsider filed pursuant to Federal Rule of Civil Procedure 60 by *pro se* Plaintiffs Glenn S. Rhodes and Sharon Young (together, "Plaintiffs"), as Co-Executors of the Estates of Oscar and Barbara Elliott (the "Estates") (Dkt. 6). Plaintiffs request that the Court reconsider its Order dated April 24, 2024, in which the Court concluded that Plaintiffs may not represent the Estates *pro se* and must obtain legal counsel. For the following reasons, Plaintiffs' Motion to Reconsider must be **denied**.

### I. LEGAL STANDARD

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has

made error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (citation and quotation marks omitted). Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II.  DISCUSSION

Plaintiffs initiated this action *pro se* on April 12, 2024 (Dkt. 1). In its Order dated April 24, 2024 (the "April 24 Order"), the Court explained that Plaintiffs may not represent the Estates *pro se* because they are not the Estates' sole beneficiaries and are not attorneys. (Dkt. 5 at 2–4). The Seventh Circuit Court of Appeals has held that "if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court." *Malon v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007). The Court informed Plaintiffs that if they could not obtain legal counsel, then this action would be dismissed. Plaintiffs contend the April 24 Order should be reconsidered for three reasons: (1) the Order referred to the wrong Barbara Elliott; (2) the Court misunderstood the claims Plaintiffs seek to assert; and (3) because Plaintiffs are in privity with the Estates' other beneficiaries, Plaintiffs may represent them *pro se* (Dkt. 5 at 2).

First, the Court acknowledges that its April 24 Order mistakenly referred to a different Barbara Elliott and Plaintiffs clarification is appreciated. However, Plaintiffs still have not shown that they are the sole beneficiaries of their mother's Estate (or their father's Estate), therefore, they

may not pursue this action *pro se*. The obituary provided by Plaintiffs states that Barbara Elliott had nine children and four stepchildren, in addition to several grandchildren, great-grandchildren, and siblings, any or all of whom could be beneficiaries of her Estate (Dkt. 6-1 at 11–12). Absent a will or other testamentary document showing that Plaintiffs are the sole beneficiaries of Barbara Elliott's Estate, Plaintiffs may not represent the Estate *pro se*.

Second, Plaintiffs contend that the April 24 Order misidentifies the claims Plaintiffs seek to bring against Defendants (Dkt. 5 at 2). The specific claims Plaintiffs assert, though, are irrelevant to the question of whether Plaintiffs' may assert their claims *pro se*. Plaintiffs, as non-attorneys, may not represent the interests of others *pro se*, regardless of the type of claims they assert.

Lastly, Plaintiffs assert that they may represent the Estates because they are in privity with the Estates' other beneficiaries (Dkt. 6-1 at 2–5). As a general matter, executors of estates are appointed to act as the designated representative of all beneficiaries. However, the issue here is not whether Plaintiffs are the duly designated representatives of the Estates. The issue is whether Plaintiffs are attorneys. In *State v. Speidel*, which Plaintiffs cite in their Motion, *id.* at 4–5, both parties were represented by attorneys, so *pro se* representation was not an issue. 392 N.E.2 1172, 181 Ind. App. 448 (Ind. Ct. App. 1979).

As a matter of law, non-attorneys may only represent their own interests in court *pro se*. 28 U.S.C. § 1654. Only a licensed attorney may represent the interests of others. Because neither Plaintiff is a licensed attorney, they may not represent the interests of other beneficiaries *pro se*, even though they are appointed Co-Executors of the Estates, and even though they may be in privity with the other beneficiaries. *See Arnold v. Indiana*, No. 22-2750, 2023 WL 4198034, at *2 (7th Cir. June 27, 2023) ("[A] non-attorney representative of an estate with multiple beneficiaries

. . . cannot litigate pro se *because doing so would be representing another party in litigation without a law license*." (emphasis added)).

The Estates must be represented by a licensed attorney. The Court therefore declines to reconsider its April 24, 2024 Order.

### III.    CONCLUSION

For the reasons explained above, Plaintiffs' Motion to Reconsider (Dkt. 6) is **DENIED**. Pursuant to the Court's April 24, 2024 Order, Plaintiffs must obtain counsel to represent the interests of the Estates no later than **Monday, June 24, 2024**.[1] If Plaintiffs fail to obtain counsel by that date, this action will necessarily be dismissed.

**SO ORDERED**.

Date: 5/28/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

GLENN S. RHODES
4320 Charlestown Pike Rd.
Jeffersonville, IN 47130

SHARON YOUNG
4320 Charlestown Pike Rd.
Jeffersonville, IN 47130

---

[1] The Court granted Plaintiffs sixty (60) days from the date of its April 24, 2024 Order to obtain counsel, which is Sunday, June 23, 2024. Federal Rule of Civil Procedure 6 provides that when calculating a filing deadline, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. Pro. 6(a)(1). Monday, June 24, 2024, is the first non-holiday weekday following Sunday, June 23, 2024.